Curia,per O’Neall, J.
The argument in this case has cov-covered a wide range; indeed, it has been discussed as if the plaintiff had demurred to the defendant’s pleading. This is, however, not so, and we are obliged, after hearing the whole merits of the case, discussed both in law and fact, to confine ourselves to the very narrow question decided by the Judge “are the parts of the 2d plea excepted to by the plaintiff, and the 3d plea, “frivolous," under the 5th rule of Court?”
The terms of that rule — “if any frivolous or deceitful plea shall be filed, the adverse party shall not be obliged to demur to the same, but such plea shall, on motion, be rejected by the Court, and such judgment or order shall be awarded thereupon, as shall be agreeable to justice,” ought to be ahvays closely observed. It is not every plea which, on dimurrer, would be held to be insufficient, which is to be considered frivolous. If that were so, a demurrer need never be resorted to, and the party, without incurring any of the dangers which attend an issue in law, might speculate at pleasure upon the judgment of the Court, by making a motion to strike out any plea.
No doubt the 5th rule covers two sorts of pleas. One, which it terms frivolous, is described by Judge Brevard, in Winn v. Waring, to be “such as are unimportant, a nonsensical trifling with the dignity of the Court and majesty of the law, on which no serious question of law or fact can arise.” Such a plea is, perhaps, better described to be, *443 where, taking every fact stated in it to be true, still it is plain, without reference to reason or authority, that no de-t fence to the action is made, and if issue be taken on it, that would be immaterial.
The other, which the rule terms deceitful, is the sham plea mentioned in the English books, and is, when the facts stated are obviously false, on the face of the plea.
The pleading objected to, when tested by these definitions or descriptions, is not liable to be considered either “ frivolous or deceitful.” To begin with the last first. There is nothing on the face of the pleas which shews the facts to be false; on the contrary, they appear to be perfectly reasonable and possible. There is no pretence, therefore, that the pleas are deceitful.
To test the character of the pleading, under the charge that it is frivolous, it is necessary to separate the consideration of the 2d and 3d pleas.
The plaintiff has replied'to part of the second plea, and I very much incline to the opinion that this, in that respect, concludes his motion. For a party cannot, under the 5th rule, admit part of the plea to be good, and move to strikeout the balance as frivolous. That would be assuming the task of amending his adversary’s pleading, and saving him from the consequences of a demurrer.
But conceding, for the present, that the plaintiff’s motion is in order, it becomes necessary to look to the 2d plea, as a whole, and not to consider it in unconnected parts. Like many other pleas, it presents several facts as constituting one defence, and if this be true, there is no objection to it on that account.
It makes the allegation that, pending the- appeal, the attorney of the complainant withdrew from the sheriff’s office the writ of attachment, under which Gidiere had been arrested; theft when the final decree on the appeal was rendered, there was no attachment in the sheriff’s office; that the defendant, Gidiere, was always ready to surrender himself to the sheriff, but that the complainant did not deliver to the sheriff the writ of attachment, whereby Gidiere was prevented from surrendering himself, in fulfilment of the condition of the bond.
The plaintiff has seized upon the first- part of this allegation, “ that pending the appeal, the attorney of the complainant withdrew from the sheriff’s office the writ of attachment, under which Gidiere had been arrested,” traversed it, and put himself upon the country, in that behalf, and moves to strike out the balance as frivolous. I think, if the plea had stopped at the allegation traversed by the plaintiff, that the charge of “ frivolous,” would have been much better sustained, than it can be in reference to the part under consideration. For then the plaintiff might very well have *444 sa^’ “ Notwithstanding all yon have said, still the writ of attachment might, at the termination of the appeal, have been in the sheriff’s office; previous to that-time, it was irn-material to you or your sureties where it was.” But the facts stated subsequently, cure this defect, by shewing that, at the determination of the appeal, the writ of attachment had not been restored to the sheriff’s office — that Gidiere was ready to surrender, but that the complainant did not deliver the writ to the sheriff, and thereby he was prevented from complying with the condition of his bond. It may be, that the facts may not support the defence thus set out; but if they do, it will be difficult for the plaintiff to persuade a Court he is entitled to recover. It is, however, not necessary for the Court to say, that the plea is, beyond all doubt, a good de-fence. It is enough to say, that it is not frivolous. For it is far from plain, that the defence is not good. If the plaintiff thinks, upon the facts set out in the plea, that he is still entitled, in law, to judgment for his debt, he has only to demur, and the Court must then meet that question.
As to the 3d plea, it alleges that, at the final decree on the appeal, there was no writ of attachment in force against Gidiere. If that be true, how can that plea be regarded as frivolous? The plaintiff, by demurring to it, would have learned that judgment must have been given for the defendant. This is easiest shewn by supposing, that after ihe Court of Equity made the order for the release of Gidiere, on giving the bond in suit, and after its execution, the Court of Equity had set the attachment aside. What effect would that supposed case have on the defendant’s liability under the bond ? It is clear that Gidiere could not have surrendered himself “ a prisoner to the sheriff\ under the attachment now in force against him.” Because the sheriff had no authority, whereby he could receive or hold him in custody. For the attachment of force against him at the»execution of the bond had ceased to be so. This being so, both he and his sureties would be discharged. For they are not held to perform conditions which, by law, have been, since the execution of the bond, made impossible. It is true, that it is probable this supposed case may not exist; still if it could, on demurrer to the 3d plea, the defendants would be entitled to the benefit of it.- For they simply allege that, at the ending of the appeal, “there was no writ of attachment in force against him,” (Gidiere) and the supposed case would, therefore, come within their allegation. Such being a possible construction of the 3d plea, and which would make it good, as a perfect defence on demurrer, it follows it cannot be frivolous.
The motion is dismissed.
Evans, Wardlaw and Frost, JJ. concurred.

Motion refused.